(No. 12093.—Reversed and remanded.)

THE MEREDOSIA LEVEE AND DRAINAGE DISTRICT, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (CLARENCE GLENN RENNER, Defendant in Error.)

*Opinion filed October 21, 1918.*

WORKMEN'S COMPENSATION—*when a person is an independent contractor and not an employee.* The owner of a dredging machine who contracts with a drainage district to do certain work for $25 a day, which included his own work, the work of his employees, the use of the machine and the gasoline to run it, is an independent contractor, even though one of the commissioners was employed by the district to supervise the work and direct its location and extent, with power to discharge the contractor if the work was not done as the district desired.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

RALPH ROSEN, and H. L. HOWARD, for plaintiff in error.

CHARLES C. MCMAHON, for defendant in error

Mr. JUSTICE COOKE delivered the opinion of the court:

The circuit court of Bureau county rendered a judgment confirming the award made by the Industrial Board to Clarence Glenn Renner, defendant in error, of $12 per week for a period of thirteen weeks for a temporary total disability, and $12 per week for a period of eighty weeks for loss of the thumb and ring finger of the right hand, as a result of injuries sustained September 28, 1916. This writ of error has been sued out to review the judgment of the circuit court.

Defendant in error and his father for a number of years prior to September 28, 1916, were the owners of a dredging machine, which they used and operated for various persons in different districts in digging and cleaning out ditches and doing similar work. They completed a contract with the Meredosia Levee and Drainage District on August 17, 1916. At that time the father retired from the business and defendant in error took it over. During the latter part of that month the ditch which the father and son had just completed became clogged and filled with sand and dirt, due to local floods, and the commissioners of the drainage district desiring to have the sand and dirt removed, negotiated with defendant in error for the use of his dredging machine and his helpers in removing the same. Defendant in error contracted with the drainage district to do this work for $2.50 per hour or $25 per day of ten hours. No agreement was made as to the number of yards of earth to be removed or that the work was to be done in a specified time. Defendant in error was to be paid for the use of his dredging machine, for his own time and the time of two helpers, at the rate of $25 per day, and he was to furnish gasoline for the engine and whatever else was necessary to properly do the work. He began working under this contract on August 30, 1916. There were no written specifications as to how the work was to be done, but, under the direction of the commissioners, Andrew Dolan, one of the commission-

ers for the district, was present to watch and inspect the work being done and to see that it was done as the district desired, to tell defendant in error and his men where the work was to commence and where it was to end, how deep it was to be dug and where the earth was to be deposited on the spoil banks. Dolan had the right to discharge defendant in error or either of his helpers if the work was not being done as the district desired, or, as one of the commissioners stated in his testimony, "if they were laying down on the job." For this supervision Dolan was paid by the district $3 per day. Defendant in error was paid at the rate of $25 per day, by checks payable to himself, at the end of each week, and out of this he bought the gasoline and paid all incidental expenses included in the operation of his dredging machine and paid his men according to his own arrangement with them. Defendant in error was an expert and competent man in the dredging business and had been a dredging contractor for some time. It does not appear from the record that Dolan ever gave any directions as to how the work should be done. The evidence discloses that he simply designated where the work was to start, how deep the earth was to be excavated from the bottom of the ditch in order to bring it down to the original grade, and how far back the earth was to be deposited on the spoil banks. On September 28, 1916, defendant in error, while operating the dredging machine, sustained the injury for which he was awarded compensation by the Industrial Board. Thereafter he was unable to perform any further work on this contract with the drainage district. His machine and the men in his employ, however, continued the work and completed it about a month later. Up until the time of the hearing before the Industrial Board defendant in error had not recovered sufficiently from his injury to be able to do any work.

It is contended on behalf of the drainage district that defendant in error was not an employee but was an inde-

pendent contractor and not within the scope of the Workmen's Compensation act. The principal test as to whether one is an employee or an independent contractor lies in the degree of control retained and exercised by the person for whom the work is being done. (*Decatur Railway Co.* v. *Industrial Board,* 276 Ill. 472.) The drainage district appointed and authorized Dolan to supervise the work to the extent of seeing that the portion of the ditch which had been filled by local floods was excavated to the proper depth and the earth deposited a sufficient distance back on the spoil banks and that the work was prosecuted with reasonable industry and efficiency. The control and supervision exercised by Dolan had to do only with the results sought to be obtained by the drainage district and not with the method or manner in which defendant in error was to do the work. Defendant in error operated his own machinery and employed his own workmen, which is a material matter to be taken into consideration in determining whether he was an independent contractor or an employee. (*Foster* v. *City of Chicago,* 197 Ill. 264.) Had Dolan discharged defendant in error within the proper exercise of his authority the whole work would have stopped, as the district could exercise no control whatever over the dredging machinery or the men in the employ of defendant in error. There is no evidence in the record that supports the finding that defendant in error was an employee, but, on the contrary, the evidence conclusively shows that he was an independent contractor. As an independent contractor he is not entitled to compensation under the Workmen's Compensation act.

The circuit court erred in not setting aside the award of the Industrial Board.

The judgment of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*