MRS. LENORI SIMPSON, RESPONDENT, v. NEW MADRID STAVE COMPANY AND AMERICAN EMPLOYERS INSURANCE COMPANY, APPELLANTS. —52 S. W. (2d) 615.

Springfield Court of Appeals. August 22, 1932.

*Sharp & Baynes* for appellants.

*Ward & Reeves* for respondent.

COX, P. J.—This is an action for compensation under the Workmen's Compensation Act.

The defendant, New Madrid Stave Company, was a manufacturer of barrel staves. Its plant was at New Madrid in Missouri. It employed one George Simpson as an independent contractor to cut a large amount of timber on land on the other side of the Mississippi River in the State of Kentucky. Mr. Simpson employed and paid his own workmen and received his compensation from the stave company at an agreed price per thousand feet of timber cut. The Commissioners found, and we think properly, that Simpson was an independent contractor. While on the ground overseeing and directing the cutting of the timber, a large limb of a tree fell on him and so badly injured him that he died in a short time thereafter. A claim for compensation was filed by this plaintiff, who is his widow. Upon a hearing before a referee, the referee found for plaintiff and made an award of $40 for medical aid; $190 for funeral expenses; $12.21 per week for 299 weeks and $13.21 for one week. From this award of the referee, an appeal was taken to the full commission for review. The commission on review found against the claimant and in favor of defendants upon the ground that the deceased, George Simpson, was an independent contractor and for that reason was not an employee of the Stave Company within the Workmen's Compensation Act and no compensation could be allowed the widow. The claimant then appealed to the circuit court of New Madrid county where, upon a hearing, the court held that on the facts found Simpson was an employee of the Stave Company within the meaning of the law and entered judgment reversing the holding of the commission in which compensation was denied and then entered up judgment for the claimant for the same items and in the same amounts found by the referee. Defendants appealed to this court.

The commission found, and we think the evidence supports that finding, that the deceased, George Simpson, was an independent contractor. The commission then held, as a matter of law, that he was not an employee of the New Madrid Stave Company within the meaning of the statute and denied relief for that reason.

The first question we are required to determine is whether the law extends its benefits to an independent contractor who is employed as Mr. Simpson was employed in this case. The Stave Company was engaged in the manufacture of barrel staves. As a necessary part of this business it must and did procure timber to be cut and delivered to its mills to be manufactured into staves. In this case, it owned a lot of timber on land on the other side of the river and it

employed Mr. Simpson as an independent contractor to cut this timber and prepare it for transportation to defendant's plant. The defendant then did the transporting. The statute, section 3308, Revised Statutes 1929, provides:

"(a) Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors and their employees when injured or killed on or, about the premises of the employer while doing work which is in the usual course of his business."

In our view of this case, plaintiff's husband was clearly within the plain terms of this statute. The usual business of the stave company as it was being conducted, consisted of cutting and transporting timber to the company's plant and there manufacturing the timber into staves. Part of the work necessary to be done was to cut timber. The next step was to transport it to the plant and the final step was to cut or saw it into staves. Cutting timber was as much a part of the usual business of the stave company as transporting it or cutting it into staves after it was delivered at the plant. In this case Simpson did the work of cutting the timber. He did this work under contract. The statute in that respect is general. It says "Any person who has work done under contract" and does not specify what form of contract must be used. The person doing the work may be a day laborer who does work under the immediate direction of the employer or he may be an independent contractor as was Mr. Simpson in this case and he is doing work under contract in one case as certainly as he is in the other. The premises of the employer is any place where, in the usual operation of his business, it is necessary for those whom he has employed to do the work to be while doing it. It will be observed also that the employer is made liable "to such contractor, his subcontractors and their employees." Usually, it is the independent contractor that employs subcontractors and then the subcontractor employs the laborers who actually do the work. The statute clearly states that the employer shall be liable to all; to the contractor, the subcontractor and the employees of the subcontractor.

Our construction of the provision above is, we think, strengthened by subdivision (c) of the same section which expressly provides that the owner shall not be liable to an independent contractor when he is engaged in erecting improvements on the premises of the employer or when demolishing or repairing the same. If it had been the intention of the Legislature that under no circumstances should the employer be liable to an independent contractor, there would have

been no necessity to have provided for any exceptions. The language used must be given its ordinary meaning and subdivision (a) which we have set out is so broad that it covers all work done under contract on or about the premises of the employer which is the operation of his usual business. The Legislature evidently so intended and then in order to make certain exceptions provided for them in subdivision (c) to which we have referred.

The Supreme Court of this State in Pruitt v. Harker, 43 S. W. (2d) 769, held that an employer was liable to an employee of an independent contractor by reason of subdivision (a) of the statute which we have above set out. We think we are supported in our holdin this case by the holding of the Supreme Court in that case.

The only Missouri case to which our attention has been called that could possibly be construed to have reached a different conclusion is the case of Kersey v. Conrad, 30 S. W. (2d) 167, by the Kansas City Court of Appeals, but the facts in that case show that it came under the exceptions noted in subdivision (c) of section 3308, Revised Statutes 1929, and hence the party was remitted to his common law action.

In this case the commission decided against the claimant and on appeal to the circuit court that court reversed the finding of the commission and then entered up a judgment of its own. Appellants contend that the court could not do that but could only remand to the commission for further action. In this contention we agree with appellants. The statute, section 3342, Revised Statutes 1929, provides that the circuit court may ''modify, reverse, remand or set aside the orders or judgments of the commission but there is no provision authorizing the circuit court to enter a new judgment in favor of the claimant when none has been rendered by the commission. If the commission finds against the claimant and the circuit court holds that the commission has erred as a matter of law in so holding, all the court can do is to remand for further proceeding by the commission.

The judgment of the circuit court holding that the statute covers an independent contractor under the facts in this record will be affirmed and the judgment entered by the circuit court fixing the amount of recovery will be reversed and the cause will be remanded with direction to remand the cause to the commission for further proceeding. *Bailey* and *Smith, JJ.,* concur.