Bruce Lee BOATMAN, Claimant-Respondent,

v.

**SUPERIOR OUTDOOR ADVERTISING COMPANY, Incorporated, Employer-Appellant,**

and

**Aetna Casualty & Surety Company, Insurer-Appellant.**

No. 9178.

Missouri Court of Appeals, Springfield District.

June 30, 1972.

John B. Newberry, Springfield, for claimant-respondent.

Paul D. Rittershouse, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for appellants.

TITUS, Chief Judge.

Question: Was claimant, a "contract painter" for Superior Outdoor Advertising Company, Incorporated, on or about Superior's "premises" at the time he was injured so as to render Superior liable to him as its statutory employee for workmen's compensation benefits? § 287.040, subd. 1 RSMo 1969, V.A.M.S.[1]

Erecting, painting, repainting and maintaining outdoor signboards owned by it were operations within the usual business of Superior. In the conduct of its business, Superior regularly engaged the services of "two, sometimes three . . . contract painters" who were paid "so much a square foot" for the signs they repainted. These painters provided their own transportation, furnished all the ladders, walking planks, brushes, paint, and other items needed in the performance of their tasks;

---

1. Sec. 287.040—"1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, . . ., when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

they worked at hours of their own choosing. When a sign needed repainting, Superior assigned a painter to a particular signboard and paid for his services when he submitted a photograph as proof that the work was completed.

Harold Woelfel owned real estate 18 miles west of Springfield which was occupied, in part, by Cobb's Restaurant. Superior agreed that upon being paid "so much a month" by Mr. Woelfel, it would erect and maintain upon his property a sign advertising the restaurant. The sign was erected in a field "two or three hundred feet from the business." Superior claimed no ownership or leasehold interest in the real estate where the sign was erected, and considered its only right "to use the land that the sign was located on [was] whenever Mr. Woelfel wanted repair or painting done to his sign," which was "maybe ever [sic] six months."

Claimant, as a "contract painter" on the terms above described, had repainted some six or seven signs for Superior before he was directed to repaint the Cobb's Restaurant sign. In the process of repainting this sign, the ladders and walking plank slipped causing claimant to fall to the ground and be injured. Successive awards in claimant's favor were entered by the Division of Workmen's Compensation and the Industrial Commission of Missouri. The latter award was affirmed by the circuit court, and Superior has now appealed to this tribunal (§ 287.490 RSMo 1969, V.A.M.S.) contending that claimant was not a statutory employee of Superior because the accident did not occur on its "premises" as contemplated by § 287.040, subd. 1, supra.[2]

■ As used in § 287.040, subd. 1, the term "premises" is not restricted to the permanent site of the statutory employer's business nor limited to property owned or leased by him, but contemplates any place under the exclusive control of the statutory employer where his usual business is being carried on or conducted. Sargent v. Clements, 337 Mo. 1127, 1134, 88 S.W.2d 174, 178(5); Dawson v. Clark Oil and Refining Corporation, Mo.App., 410 S.W.2d 353, 356; Nagle v. Drew, Mo.App., 409 S.W.2d 264, 266(1); Johnson v. Simpson Oil Company, Mo.App., 394 S.W.2d 91, 95(2); Crabtree v. Ramsey, Mo.App., 115 S.W.2d 14, 16(1). "Premises" include locations that temporarily may be under the exclusive control of the statutory employer by virtue of the work being done (Raef v. Stock-Hartis, Inc., Mo.App., 416 S.W.2d 201, 208), and "exclusive control" indicates such a control in the "premises" by the statutory employer that the general public does not have an equal right to use them along with the employer and the independent contractor. Offutt v. Travelers Insurance Company, Mo.App., 437 S.W.2d 127, 130; Baker v. Iowa-Missouri Walnut Log Co., Mo.App., 270 S.W.2d 73, 76(5). If the alleged statutory employer is an invitee upon the premises under the same terms extended others to enter upon the premises for business purposes, it cannot be said that the premises are under the employer's exclusive control. State ex rel. Potashnick v. Fulbright, 350 Mo. 858, 863, 169 S.W.2d 59, 62.

■ The contract between Superior and Mr. Woelfel obligated Superior to repaint and repair Cobb's Restaurant sign whenever the owner indicated such services were required. At the times Superior undertook to comply, it would, of necessity, have implied authority of ingress and egress [Baker v. Iowa-Missouri Walnut Log Co., supra, 270 S.W.2d at 78(7)], and would be an invitee upon the premises. Enloe v. Pittsburgh Plate Glass Company, Mo., 427 S.W.

---

2. A claimant, before being classified a statutory employee, must demonstrate (1) that the work was being performed under contract, (2) that the injury happened while claimant was doing work in the usual course of the business of the alleged statutory employer, and (3) that the injury occurred on or about the premises of the alleged statutory employer. Johnson v. Medlock, Mo.App., 420 S.W.2d 57, 61(6). Superior does not dispute the existence of the first two elements, but does asseverate that the third essential element is missing in the case.

2d 519, 522(2); Feldewerth v. Great Eastern Oil Co., Mo.App., 149 S.W.2d 410, 413 (3). Of course, the general public, as customers at Cobb's Restaurant, would be invitees while upon the restaurant property. However, should a customer exceed the bounds of his invitation and roam to an out-of-the-way place, such as into the field "two or three hundred feet from the business" where the sign was located, he would lose his status as an invitee and become, at most, a mere licensee. Moss v. Nooter Corporation, Mo.App., 344 S.W.2d 647, 653 (9, 10); Anderson v. Welty, Mo.App., 334 S.W.2d 132, 136(4); Gayer v. J. C. Penney Company, Mo.App., 326 S.W.2d 413, 417(4). Therefore, when Superior, through its "paint contractor," was upon the premises where the sign was located for the purpose of conducting its usual business, Superior was there under a right exclusive to it and not available to the general public. Certainly the public would not have a right equal to Superior's to be on the land at the situs of the signboard for the purpose of repainting and maintaining the sign owned by Superior. While Superior's customary work was being performed upon its sign by its "contract painter," it had exclusive control of that particular portion of the premises and claimant was its statutory employee while so engaged.

■ Originally the claim herein was filed against Pioneer Advertising Company as the employer. Predicated upon evidence adduced at the hearing, the claim was amended without objection and by leave of the referee to denominate Superior as the alleged employer. The division's award was against Superior. Thereafter, however, the parties, the industrial commission and the circuit court ignored the amendment and erroneously referred to the employer as Pioneer. Although we affirm the judgment of the circuit court insofar as it would declare claimant entitled to workmen's compensation benefits as a statutory employee of Superior, we must also remand the cause to the circuit court with directions that it (1) correct its records to show the employer to be Superior Outdoor Advertising Company, Incorporated and (2) in turn, remand to the industrial commission with direction that it amend its award to show the correct name of the employer.

STONE and HOGAN, JJ., concur.