Irma SPACY, Appellant,

v.

STOUT'S FEED AND SUPPLY and Auto Owner's Mutual Insurance Company, Respondents.

No. KCD 26666.

Missouri Court of Appeals, Kansas City District.

Aug. 5, 1974.

John B. Newberry, Springfield, for appellant.

William K. Gibson, Sedalia, for respondents; Martin, Gibson & Romines, Sedalia, of counsel.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

Appellant was denied Workmen's Compensation benefits for an injury which occurred on a curb and parkway of the public street in front of the Purina Mills Hatchery in Cole Camp, Missouri, by the referee and by the Industrial Commission. The order denying the award was affirmed by the circuit court.

■■ Appellant's points do not comply with the requirements of Rule 84.04(d), V. A.M.R., in that they do not set forth wherein and why the court erred in denying her compensation. Appellant has run the hazard of having her appeal dismissed for failure to comply with the rules. In this respect counsel should note the case of Donnell v. Vigus Quarries, Inc., 489 S.W. 2d 223 (Mo.App.1972). One dual issue, however, is sufficiently presented in the briefs of both parties so as to be ruled and thus to prevent dismissal. That is, whether by reason of the place of appellant's injury she is to be denied compensation because that place was not under the exclusive control of the alleged employer, and whether at the time of the injury she was performing work for the employer in going to her work after having taken a meal across the street therefrom.

Appellant was a "swamper" engaged in aiding turkey sexers at the Stout Feed and Supply. At the time in question Geraldine Raymer was a turkey sexer. The job of the swamper was to remove the newly hatched turkeys from the incubator, to count them, and when sexed to put them in appropriate boxes. Stout paid Geraldine at the rate of 1½ cents per bird, and she in turn paid other sexers the same amount less 10%. Each sexer then paid the swamper, such as appellant, $1.00 per hour. Although appellant had previously been employed by Stout, she had received no checks from it during 1969. On May 27, 1969, after having worked that day in Stout's Richland hatchery, she arrived at its Cole Camp hatchery about 4:30 p. m. This was pursuant to an arrangement with Geraldine. Appellant set up the sexer's table and lamp, and was told that there would be a short delay because the hatching turkeys were not quite ready for sexing. The men who were pulling turkeys told appellant and the sexer with whom she was working that they might as well go get a bite to eat, so appellant and others went across the street to a diner where they stayed not more than 10 or 15 minutes. After the meal appellant recrossed the street and as she stepped up on the high curb her foot slipped off and she fell headlong into a tree stump which was on the parkway between the curb and the sidewalk. The in-

juries for which appellant claimed compensation thus occurred.

 The dual issue must be ruled against appellant. § 287.040(1), RSMo 1969, V.A.M.S., provides: "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." In State ex rel. Potashnick et al. v. Fulbright et al., 350 Mo. 858, 169 S.W.2d 59 (1943), the claimant sought compensation for an injury which occurred while he, as an employee of an independent contractor, was unloading from freight cars on a railroad yard, upon which Potashnick, the principal contractor, was no more than an invitee. The court held, quashing Bullock v. Potashnick, 237 Mo. App. 665, 162 S.W.2d 607 (1942), and ruling against the claimant, said (169 S.W.2d 62 [3, 4]): "Certainly his invitation to unload goods from a car consigned to him is not to take exclusive control of any part of the station railroad yards of a common carrier where many other people are likewise entitled to come as similar invitees at all times.", and (169 S.W.2d 61[2]): "We ruled therein [Sargent v. Clements, 337 Mo. 1127, 88 S.W.2d 174, 178 (1935)] concerning the construction of Section 3698(a) [now § 287.040(1)] 'that "premises" as there used contemplates any place, *under the exclusive control of the employer*, where the employer's usual business is being carried on or conducted, * * *.' " See also Nagle v. Drew, 409 S.W.2d 264 (Mo.App.1966); and Johnson v. Medlock, 420 S.W.2d 57 (Mo.App.1967). The parkway portion of the public street here where appellant was injured, was certainly, under the foregoing precedent, not under any kind of exclusive control of Stout under the facts. Furthermore, when injured, appellant was not performing any type of work or service for Stout, but was merely returning to work from a place where she took her meal. Under that fact her injury is also not compensable. None of the exceptions to the general rule that hazards encountered by employees while going to and from work are not compensable, mentioned in Kunce v. Junge Baking Company, 432 S.W.2d 602, 607 (Mo.App.1968) [and see Hunt v. Allis-Chalmers Manufacturing Company, 445 S.W.2d 400 (Mo.App. 1969)], are here present under the evidence.

The judgment is affirmed.

All concur.