STATE ex rel. MW BUILDERS, INC., Relator,

v.

The Honorable Sandra C. MIDKIFF, Respondent.

No. SC 87773.

Supreme Court of Missouri, En Banc.

May 1, 2007.

Theresa A. Otto, John J. Gates, Kansas City, for Relator.

John H. Norton, Kathryn S. Perkins, Richard F. Lombardo, Charles H. Stitt, Joseph J. Roper, Lynn Weddle Judkins, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

This proceeding arises from an underlying personal injury suit brought by Randy Piveral against MW Builders, Inc. (MWB). MWB seeks a writ to bar the exercise of subject matter jurisdiction over Piveral's common law tort claim and asserts that Piveral is a statutory employee as defined under sections 287.040.1 and 287.040.3, RSMo 2000, that Missouri's Workers' Compensation Law is Piveral's exclusive remedy, and that jurisdiction rests solely with the Missouri Labor and Industrial Relations Commission. The trial court denied MWB's motion to dismiss, and the court of appeals denied MWB's subsequent petition for writ of prohibition. Thereafter, MWB refiled the petition in this Court, which issued a preliminary writ. Mo. Const. art. V, sec. 4. The preliminary writ is now made absolute.

## I.

On February 19, 2003, MWB entered into a written construction contract with Northwest Missouri State University (NMSU) in Maryville, Missouri. Under the terms of the contract, MWB was to "furnish all labor and materials and perform all work required for furnishing and installing all labor, materials, equipment and transportation and everything necessarily inferred from the general nature and tendency of the plans and specifications for the proper execution of the work for Residence Halls [at the University]. . . ." On March 12, 2003, MWB entered into a "Standard Form of Subcontract" with Northwest Missouri Masonry, Inc., to perform the masonry work. Piveral was an employee of Northwest Missouri Masonry.

On September 11, 2003, while erecting improvements on the residence hall project at NMSU, Piveral sustained personal injuries when he fell from scaffolding. To seek compensation for his injuries, Piveral filed the petition for damages in the circuit court against MWB, Northwest Missouri Masonry, Summit Specialty Productions, Inc. (the scaffolding supplier), and two of his co-employees. The petition alleged that MWB and/or its subcontractor, Northwest Missouri Masonry, negligently erected the scaffolding from which Piveral fell and negligently breached their duty to supervise and inspect the erection, ensure its compliance with OSHA, and post warnings regarding its unsafe condition. As noted, the trial court denied MWB's motion to dismiss, and this writ proceeding followed.

## II.

A writ of prohibition is appropriate to prevent a court from exercising jurisdiction over actions in which it has no subject matter jurisdiction or to remedy an excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621 (Mo. banc 2002). The Workers' Compensation Law provides the exclusive rights and remedies of injured workers. Section 287.120.1, RSMo 2000; *State ex rel. Taylor*, 73 S.W.3d at 621. A motion to dismiss for lack of subject matter jurisdiction is a proper method to raise as a defense to a tort action that plaintiff's exclusive remedy lies under Missouri's Workers' Compensation Law, as provided in chapter 287. *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 55.27(g)(3). "As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." *James*, 85 S.W.3d at 9. The determination of whether a case falls within the exclusive jurisdiction of the Workers' Compensation Law is a question of fact that is left to the sound discretion of the trial court. *Id.* Accordingly, this Court reviews for abuse of discretion only. *Id.*

## III.

MWB argues that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction because it was the statutory employer of Piveral at the time of the accident and injuries alleged. If so, MWB explains, then Missouri's Workers' Compensation Law vests exclusive jurisdiction over Piveral's tort claims against MWB with the Missouri Labor and Industrial Relations Commission and not with the trial court. Thus, the central issue in this case is whether MWB was a statutory employer as contemplated by the statute.

"The Workers' Compensation Law supplants the common law in determining remedies for on-the-job injuries." *Vatterott v. Hammerts Iron Works, Inc.,* 968 S.W.2d 120, 121 (Mo. banc 1998). Section 287.120 governs the determination of when an injury falls under the Workers' Compensation Law, stating, in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefore whatsoever, whether to the employee or any other person....

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided by this chapter.

■ A "statutory employer" is defined as,

1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

\* \* \*

3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

Section 287.040. Under these provisions, statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business. *State ex rel. MSX Int'l, Inc. v. Dolan,* 38 S.W.3d 427, 429 (Mo. banc 2001). Furthermore, in accordance with subsection 3, an independent contractor is the statutory employer of a subcontractor's employee.

■ Here, there is no dispute as to whether the work performed by Piveral was pursuant to a contract or whether the work performed was in the usual course of MWB's business. Instead, Piveral maintains that, based on the contract between NMSU and MWB, NMSU retained such significant control over the project that MWB was not an independent contractor for purposes of section 287.040.3. An independent contractor is "one who contracts to perform work according to his own methods without being subject to the control of his employer except as to the result of his work." *Horner v. Hammons,* 916 S.W.2d 810, 816 (Mo.App.1996) (citing *Sargent v. Clements,* 337 Mo. 1127, 88 S.W.2d 174, 177 (1935)). In determining whether a party is an independent contractor, the court considers (1) the existence of a contract for the performance by a party of a certain piece of work at a fixed price; (2) the independent nature of the party's business or occupation; (3) the party's employment of assistants with the right to supervise their work; (4) the party's obligation to furnish necessary tools, supplies, and materials; (5) the party's right to control the progress of the work, except as

to final results; (6) the time for which the party is employed; and (7) whether the employment is by time or by the job. *Id.*

Based on the record in this case, MWB is clearly an independent contractor, and, thus, Piveral's statutory employer. MWB was hired by NMSU, pursuant to a written contract and for a fixed sum of money, to coordinate all of the general construction activities for the residence halls, which were within MWB's usual course of business and which included the masonry work for which Northwest Missouri Masonry was hired. While representatives of NMSU visited the construction site weekly to review the progress of the project, it is evident from the contract that the representatives left the actual daily activities of constructing the residence halls, including the means and methods of construction, to MWB and were interested solely in the result of the work and its conformance with the architectural plans provided by NMSU's architect. Furthermore, MWB was obligated to "furnish all labor and materials" for the construction of the residence halls and was responsible for any employees or subcontractors it hired. Finally, while the contract set deadlines by which each residence hall was to be "substantially completed," NMSU did not control the daily progress of MWB's construction.

In asserting that MWB was "substantially under the control and direction of" NMSU, Piveral focuses on the portions of the contract between NMSU and MWB wherein NMSU had the right to fire incompetent subcontractors, have access to the work, and order repairs. Piveral also cites those portions of the contract requiring MWB to abide by affirmative action rules and prevailing wage laws, submit data to NMSU, and attend periodic meetings with NMSU. While Piveral does not expressly assert what status it would as-

sign to MWB in this relationship if it is not an independent contractor, this Court can only deduce from his arguments and citations that he argues MWB was an employee of NMSU. This suggestion defies logic and the record. The written agreement between MWB, as general contractor, and NMSU, as land owner, cannot be fairly interpreted to contemplate an employment relationship or anything other than an independent contractor relationship under a standard commercial construction project contract.

■■■■■■ Piveral also argues that the second element of section 287.040's statutory employer test—that the injury occurred on or about the premises of the alleged statutory employer—has not been met in this case because the property where he was injured was owned by NMSU. He explains that the jobsite was within NMSU's "exclusive possession or control" because NMSU "maintained the right to enter the premises at all times." Piveral, however, misinterprets section 287.040.1's requirement that the injury occur "on or about [the statutory employer's] premises." This Court has held that the term "premises" is to be liberally construed and is not limited solely to premises of which the statutory employer is the owner or on which its permanent place of business is located. *Sargent,* 88 S.W.2d at 178. Rather, the term contemplates "any place where, in the usual operation of [the employer's] business, it is necessary for those whom [the employer] has employed … to be while doing [the work.]" *Horner,* 916 S.W.2d at 817 (quoting *Sargent,* 88 S.W.2d at 178). *Boatman v. Superior Outdoor Advertising Company,* 482 S.W.2d 743 (Mo.App.1972), is instructive. In *Boatman's,* the court of appeals held:

"Premises" include locations that temporarily may be under the exclusive control of the statutory employer by virtue

of the work being done, and "exclusive control" indicates such a control in the "premises" by the statutory employer that the general public does not have an equal right to use them along with the employer and the independent contractor.

*Id.* at 745 (citations omitted). Such is the case here. MWB was the general contractor in charge of the construction project and responsible for all construction activities, and NMSU had given temporary possession and control of the premises to MWB so that the general public had no right to use them. Under these facts, Piveral was injured "on or about the premises" of MWB.

### IV.

MWB, having met the definition of a "statutory employer" under section 287.040, was not subject to the common law action filed by Piveral by virtue of Missouri's Workers' Compensation Law. Therefore, under Rule 55.37(g)(3), the trial court should have dismissed the action on MWB's motion for lack of subject matter jurisdiction. The preliminary writ barring the exercise of subject matter jurisdiction over Piveral's common law claim is now made absolute.

All concur.