Clifford **MONTGOMERY**, Appellant,

v.

**MINE LA MOTTE CORPORATION,**
Respondent.

No. 45633.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1957.

Henri Sursa, Fredericktown, Finley, Lucas & Arnold, Ralph T. Finley, St. Louis, for appellant.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jacckel & Hamilton, St. Louis, for respondent.

STOCKARD, Commissioner.

In the trial of this suit for damages for personal injuries based on common law negligence, plaintiff obtained a jury verdict for $8,000. However, the trial court sustained defendant's after-trial motion for judgment in accordance with its motion for a directed verdict, the verdict was set aside and judgment entered for defendant. Plaintiff has appealed.

Defendant is engaged in mining and processing lead ore, and it owns and operates what is referred to as an offset mine near Fredricktown, Missouri. In the usual course of defendant's business the ore from this mine is taken by truck to defendant's processing mill about three miles away where it is ground or crushed and otherwise processed for the purpose of obtaining lead concentrate. In August 1952, defendant entered into a contract with Ralph E. Smith whereby Smith agreed to load ore into trucks at the offset mine and to transport the ore to a designated "ore pocket" at defendant's processing mill. By the terms of this contract Smith was to furnish all labor, trucks and equipment necessary to perform this work. The contract was to remain in effect until terminated by either party on notice of ten days.

Plaintiff was an employee of Smith, and on October 23, 1952, he was injured as the result of an accident arising out of and in the course of his employment. Plaintiff had driven his truck into the mine and loaded it with ore, and while inspecting the area for rocks which would interfere with the movement of the truck, he was struck by a large rock which apparently rolled down a nearby stairway. Smith's compensation insurance carrier paid all of plaintiff's medical bills and made all compensation payments required by law.

Plaintiff subsequently brought this suit based on common law negligence to recover damages from defendant for the injuries received from the above mentioned accident. Prior to the injury, defendant, Smith and plaintiff had elected to accept the provisions of the Missouri Workmen's Compensation Law (hereinafter referred to as the "Act"), Section 287.010 et seq. (All statutory references are to RSMo 1949, V.A.M.S.) Defendant contends that plaintiff is not entitled to maintain this action because defendant's liability for plaintiff's injuries is limited to the compensation provided for by the Act which has already been paid. Defendant relies on the following statutory provisions:

"287.040. Liability of employer-landlords, contractors, subcontractors. 1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

"287.120. Employer liable irrespective of negligence—employee's rights forfeited—* * * 1. If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

"2. The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter."

It is plaintiff's position that he is not prohibited by reason of Section 287.120 (2) from maintaining this suit for common law negligence against defendant because (1) he never agreed to accept defendant as an employer and for that reason he could not be a "statutory employee" within the meaning of Section 287.040(1), and (2) Smith was not an *independent* contractor, and therefore defendant was not a "statutory employer" within the meaning of Section 287.040(1).

■ There is no question but that it was in the usual course of defendant's business to have the ore at the offset mine loaded into trucks and transported to the processing mill. This was an essential step in the normal operations of defendant, and the record shows that it was not uncommon for defendant to do this work with its own trucks and employees. Also, the accident in this case which resulted in the injury to plaintiff occurred in the mine which was owned and operated by defendant and was under its exclusive and complete control. Therefore, the injury to plaintiff occurred on the "premises" of defendant, as that term is used in Section 287.040(1). State ex rel. Potashnick v. Fulbright, 350 Mo. 858, 169 S.W.2d 59.

■ Section 287.040(1) establishes what this court has termed a "constructive" relationship for purposes of creating liability under the Act on the part of one who has work done by contract under the specified factual situation. Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153, 154. It has the laudable purpose of preventing one from escaping such liability by entering into contracts with other persons to perform work on or about his premises which is in his usual course of his business. Pruitt v. Harker, 328 Mo. 1200, 1208, 43 S.W.2d 769, 771; De Lonjay v. Hartford Accident & Indemnity Co., 225 Mo.App. 35, 35 S.W.2d 911, 912. The existence of the constructive relationship for the purpose of establishing liability does not depend upon the substantive law pertaining to an employer-employee relationship. Therefore, the existence of the constructive relationship, and the resulting liability, provided for in Section 287.040(1) does not depend upon the affirmative consent of the so-called statutory employee. Plaintiff has cited cases, including Stroud v. Zuzich, Mo.Sup., 271 S.W.2d 549 and Schepp v. Mid City Trucking Company, Mo.App., 291 S.W.2d 633, to the effect that an employee for compensation purposes cannot have an employer thrust upon him without his consent. However those cases do not construe Section 287.040(1) but pertain to the "borrowed servant" doctrine and are not in point. Plaintiff has cited to us no case, and we have found none, which holds that before an injured employee of an independent contractor may be entitled to workmen's compensation benefits by reason of the constructive relationship created by Section 287.040(1) he must establish that he affirmatively consented to that relationship. Therefore, if Smith was an independent contractor, under the circumstances of this case, defendant was the statutory employer of plaintiff for purposes of liability under the Act by reason of Section 287.040(1). Viselli v. Missouri Theatre Building Corporation, 361 Mo. 280, 234 S.W.2d 563; Pruitt v. Harker, supra. In such event the rights and remedies provided by the Act exclude all rights and remedies of plaintiff against defendant that he might have had at common law, and the trial court correctly entered judgment for defendant. Section 287.120(2); Bunner v. Patti, supra; McDaniel v. Kerr, 364 Mo. 1, 258 S.W.2d 629; McKay v. Delico Meat Products Company, 351 Mo. 876, 174 S.W.2d 149; Atlas Powder Co. v. Hanson, 8 Cir., 136 F.2d 444.

■■ Plaintiff's position that Smith was not an *independent* contractor is based upon the contention, as stated in his brief, that "the contract shows that Mine La Motte Corporation reserved control over the work and over the plaintiff in the performance of his work." Plaintiff argues that for this reason he was not a statutory employee of defendant within the meaning of Section 287.040(1), and, therefore, he is not precluded from maintaining this common law action for damages against defendant. However, Section 287.030 provides that an employer under the Act includes every person and corporation "using the service of another for pay," and Section 287.020(1) provides that the term "employee" includes "every person in the service of any employer, * * *

under any contract of hire, express or implied, oral or written, or under any appointment or election." "The term 'employee' is thus given a broad meaning and includes every person 'in the service of any employer' and is not confined to those 'under any contract of hire,' express or implied, but also includes those performing service by 'appointment or election.'" Pruitt v. Harker, 328 Mo. 1200, 43 S.W.2d 769, 772, 773. We are of the opinion that we need not determine if Smith was or was not an independent contractor, because if we accept plaintiff's contention that Smith was not, then plaintiff establishes, as a matter of law, that both he and Smith were employees, as distinguished from statutory employees, of defendant within the meaning of Section 287.020(1) of the Act. Smith was either an independent contractor or he was an employee of defendant. Plaintiff, therefore, was either an employee of an independent contractor, which, under the circumstances of this case, made him a statutory employee within the meaning of Section 287.040(1), or he was an employee of defendant, within the meaning of Section 287.020(1), by reason of the express written authority of Smith as defendant's employee to employ him, that is, to appoint him, on behalf of defendant, to do the work he was doing when injured. In either event, Section 287.120(2) precludes the right of plaintiff to maintain this suit against defendant. We shall now examine some of the cases which force this conclusion.

■ In Vaseleou v. St. Louis Realty & Securities Company, 344 Mo. 1121, 130 S.W. 2d 538, 539, compensation was sought under the Act for the death of John H. Miller. The defense was that Miller was an independent contractor and not an employee. (If Miller had been an independent contractor, he would not have been a statutory employee entitled to the benefits of the Act for the reason that the nature of his work was within the exception to Section 287.040(1) provided for by Section 287.040(3). This exception has no applica-

tion to the present case.) This court stated: "An 'independent contractor' is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer, except as to the result of his work. However, if the employer has the right to direct the details of how the job is to be performed or the manner in which the work is to be done, *then the status of the one doing the work is that of an employee.*" (Emphasis added.) In Maltz v. Jackoway-Katz Cap Company, 336 Mo. 1000, 82 S.W.2d 909, 915, compensation was sought for the death of a traveling salesman contended by claimants to be an employee and opposed by the employer on the basis that the deceased was an independent contractor. The principal issue was whether he was an independent contractor or an employee because the employer retained control over the method the work was to be done. (In this case as in the Vaseleou case, if the deceased had been an independent contractor he would not have been a statutory employee. The injury resulting in death did not occur on or about the premises of the employer.) This court held: "The relationship was that of independent contractor or of employee—the one or the other—as dependent upon the facts; and on the record here either is exclusive of the other, and the conclusion to be drawn is one of law." It is clear that if Smith was not an independent contractor, he was an employee of defendant. Sargent v. Clements, 337 Mo. 1127, 88 S.W.2d 174; Williamson v. Southwestern Bell Tel. Co., Mo.Sup., 265 S.W.2d 354; Heisey v. Tide Water Oil Co., Mo.App., 92 S.W.2d 922; Clayton v. Hydraulic Press Brick Co., Mo.App., 27 S.W.2d 52; 58 Am.Jur., Workmen's Compensation, § 138; 56 C.J.S. Master and Servant § 3(1) (3); Vol. 4, Schneider, Workmen's Compensation, Perm. Ed. § 1065.

Assuming that Smith was not an independent contractor, as contended by plaintiff, what was the status of plaintiff?

Tokash v. General Baking Co., 349 Mo. 767, 163 S.W.2d 554, 556, presents a situation very similar to the present case except that the employee of the contractor sought the benefits of the Act. The baking company contracted with one Schuermann to paint its building. Schuermann then employed Tokash to assist him, and in the course of the work Tokash was injured. He made a claim for workmen's compensation against the baking company which contested the claim on the ground that Tokash was not its employee but was the employee of Schuermann, an independent contractor. (If Schuermann was an independent contractor, Tokash would not have been a statutory employee of the baking company because the nature of his work placed him within the exception contained in Section 287.040(3).) This court held that the evidence authorized a finding that Schuermann was not an independent contractor because the baking company reserved the right of control over the work, and it was stated that since Schuermann was not an independent contractor he acted as the agent of the baking company when he engaged the services of Tokash. The court held: "In the instant case we have ruled that the commission was authorized to find that Schuermann was not an independent contractor. *If he was not an independent contractor, Tokash was an employee of the baking company.*" (Emphasis added.) In McKay v. Delico Meat Products Company, 351 Mo. 876, 174 S.W.2d 149, we have the reverse of the Tokash case, or where an injured person sought to maintain a suit for negligence on the theory that he was an independent contractor and not an employee. McKay, a brick contractor, sustained an injury while making alterations and repairs in defendant's plant. (Again, if McKay was an independent contractor, the exception contained in Section 287.040(3) precluded him from being a statutory employee.) He sued the owner of the premises for whom he was doing the work for damages based on common law negligence. This court held that defendant retained control over the method of the performance of the work, and therefore, as a matter of law, McKay was not an independent contractor, and in the course of the opinion stated: "Respondent insists that plaintiff was [an] independent contractor because he selected, employed, paid, directed and controlled the crew of men that worked with him. If plaintiff was an employee of defendant, that is, if defendant controlled or had the right to control the physical conduct of plaintiff in the performance of his service and the details of the manner in which the work was to be done, then and in that event the members of plaintiff's crew, the men selected by him and working with him, were also employees of the defendant" [351 Mo. loc. cit. 890, 891, 174 S.W.2d loc. cit. 158]. See, also, Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission, 350 Mo. 690, 168 S.W.2d 78; Wabash R. R. Co. v. Finnegan, D.C., 67 F.Supp. 94; Downs v. Baltimore & Ohio Railroad Company, 345 Ill.App. 118, 102 N.E.2d 537, 30 A.L.R.2d 503; 56 C.J.S. Master and Servant § 3(1); and those cases cited in the annotation in 30 A.L.R.2d 517, involving the question of whether a person was an employee of a railroad for purposes of determining his right to sue under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., or an employee of an independent contractor of the railroad.

We cannot escape the conclusion that if Smith was an independent contractor, defendant was then a statutory employer of plaintiff within the meaning of Section 287.040(1) whether or not plaintiff affirmatively consented to that relationship, and if, as contended by plaintiff, Smith was not an independent contractor because the defendant "reserved control over the work and over the plaintiff in the performance of his work," plaintiff then was an employee of defendant within the meaning of Section 287.020(1). In either event the rights and remedies provided for by the Workmen's Compensation Act are exclusive to any right plaintiff would otherwise have at com-

mon law against defendant for damages under the facts of this case. Section 287.120(2); New Amsterdam Casualty Co. v. Boaz-Kiel Const. Co., 8 Cir., 115 F.2d 950; Bunner v. Patti, supra; McDaniel v. Kerr, supra; Atlas Powder Co. v. Hanson, supra. The trial court correctly entered judgment for defendant.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.