**Michael J. McGUIRE, Appellant,**

v.

**TENNECO, INC., d/b/a Packaging Corporation of America, Respondent.**

**No. 70129.**

Supreme Court of Missouri, En Banc.

Sept. 13, 1988.

Donald P. Woodell, Independence, for appellant.

Brian J. Fowler, Kansas City, for respondent.

ROBERTSON, Judge.

Michael J. McGuire filed a common law negligence action for personal injuries against Tenneco, Inc., d/b/a Packaging Corporation of America. The trial court dismissed for lack of subject matter jurisdiction, finding that McGuire's remedy was limited to the provisions of the Workers' Compensation Law. The Court of Appeals, Western District, reversed and remanded. We granted transfer to consider the applicability of Section 287.040.1, RSMo 1986, to a temporary, secondary employment relationship. We have jurisdiction. Mo. Const. art. V., § 10. Affirmed.

## I.

McGuire was employed by Ready Help, Inc., a temporary employment agency. Tenneco operated a paper recycling plant in Kansas City and frequently obtained temporary workers from Ready Help.

On August 7, 1986, Tenneco requested four laborers from Ready Help for the following day in anticipation of a large volume of paper products and a need for additional "sorters." The sorter's duties included sorting paper into various grade classifications, removing paper products from conveyor belts, and sweeping the warehouse floor.

Ready Help designated McGuire to work at Tenneco and transported him to the job site on August 8. Upon his arrival, Tenneco's foreman instructed McGuire to sweep paper off the warehouse floor. While sweeping the floor, McGuire moved a wooden pallet, fell through a hole to the floor below and was injured.

On August 12, 1986, McGuire filed a claim for compensation in the Division of Workers' Compensation alleging that both Ready Help and Tenneco were his employers. He received workers' compensation payments from the workers' compensation insurers of Ready Help.

Tenneco, however, denied that McGuire was its employee. McGuire subsequently filed a common law negligence action against Tenneco in circuit court. Tenneco later amended its answer in the workers' compensation proceeding, admitting that McGuire was its statutory employee. Tenneco then filed a motion to dismiss for lack of subject matter jurisdiction in the circuit court, asserting the statutory employee defense as a bar to McGuire's common law negligence action. After the submission of suggestions and affidavits by both parties, the circuit court dismissed McGuire's negligence action. McGuire appealed.

## II.

On transfer, the principal issue is whether appellant McGuire is deemed an employee of Tenneco under the Workers' Compensation Law (the Act), thus limiting McGuire's recovery to the provisions of the Act. Appellant maintains that the trial court erred in finding him a "statutory employee" under Section 287.040, RSMo 1986, and in dismissing his personal injury action for lack of subject matter jurisdiction.

## A.

McGuire first argues that Section 287.-020, RSMo 1986, controls; under that section, appellant claims he is not a statutory employee, and that the provisions of the workers' compensation law do not apply to him. Section 287.020, RSMo 1986, defines the word "employee" in two ways. Section 287.020.1 describes an employee as "every person in the service of an employer ... under any contract of hire, express or implied, oral or written...." Section 287.-020.6, RSMo 1986, provides: "A person who is employed by the same employer for more than five and one-half consecutive work days shall for the purposes of this chapter be considered an 'employee'." McGuire construes these subsections as requiring employment for more than five and one-half consecutive work days as a condition of eligibility for coverage under the Act. Since he was injured on the same day he began working for Tenneco, he urges that the Act is not applicable to him.

The statutory definitions of employee contained in Section 287.020 serve a dual purpose. First, by limiting the term employee to those persons who have put in

**534**

more than five and one-half consecutive work days, the statute determines those employers who are bound by the Act. Initially, the Act required that only employers having ten regular employees fell under the mandates of the Act. But see, Section 287.030.1(3), RSMo 1986. Employees who worked less than five and one-half consecutive work days were often found to be "casual" workers and not counted in determining whether an employer had ten regular employees. *Fowler v. Baalmann*, 361 Mo. 204, 234 S.W.2d 11, 14 (1950).

Second, subsection 1 defines an employee as a person having a direct contractual relationship with an employer. Obviously, the definition of an employee in subsection 1 makes no provision for cases, like this one, in which the relationship, if any, which exists between the injured person and the "employer" is not a direct contractual one. For these reasons, Section 287.020 is not dispositive of this case.

■ Section 287.040, RSMo 1986, is applicable, however. Section 287.040.1 provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The statute thus establishes a constructive employment relationship in order to extend coverage of the Act to employers who have work done by contract. Its purpose "is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." *Miller v. Municipal Theatre Association of St.*

*Louis*, 540 S.W.2d 899, 906 (Mo.App.1976). *See also Montgomery v. Mine La Motte Corporation*, 304 S.W.2d 885, 888 (Mo. 1957).

**B.**

Next, assuming the applicability of Section 287.040, appellant argues that Tenneco did not meet the requirements of that statute.

■ In order to categorize an individual as a statutory employee, each of three statutory elements must coexist: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer. *Miller*, 540 S.W.2d at 906. Both parties agree that the injury occurred on Tenneco's premises. However, appellant maintains that respondent did not establish either that his work was done under contract or that the injury occurred while appellant was doing work in the usual course of respondent's business.

**1.**

Tenneco's affidavits show that for the last several years it contracted with Ready Help to supply laborers to work as sorters. The only written evidence of Tenneco and Ready Help's relationship is a form bearing Ready Help's letterhead, entitled "Customer Agreement" which lists the names of the temporary workers, provides space for recording the total hours worked, and sets forth limitations on Tenneco's use of the workers.[1] Appellant maintains there was no contract to determine the scope of work to be performed, if any, within the contemplated meaning of Section 287.040. Appellant cites *Ferguson v. Air–Hydraulics Company*, 492 S.W.2d 130 (Mo.App.1973)

---

**1.** In relevant part, the agreement states "[T]he undersigned agrees not to authorize Ready Help employees to operate any motor vehicles or machinery without the consent of Ready Help. The undersigned will not entrust Ready Help employees with unattended premises ... or

with handling of cash...." Beyond the limitations set out, the agreement does not limit Tenneco's ability to control the work which Ready Help's employees would perform or the manner in which that work would be performed.

and *Crain v. Webster Elec. Cooperative*,[2] 568 S.W.2d 781 (Mo.App.1978), for the proposition that there must be evidence to show that Tenneco actually delegated its "sorting" operation to Ready Help in order for Ready Help to be considered as contractor and appellant a statutory employee.

■ We find no requirement in Section 287.040.1 which limits its applicability to contracts in which there is a *delegation* of the employer's usual business activity to the contractor. By its plain language, the statute applies to any person who has work done under contract on or about his premises which "is an operation of the usual business which he there carries on ...," Delegation is thus not a requirement of Section 287.040.1. To the extent that *Ferguson*, 492 S.W.2d at 136, states that the contract contemplated by Section 287.040.1 must be one "which delegates to another the usual operation of the employer's business", it is incorrect and should no longer be followed.

■ Neither does Section 287.040.1 require that the contract provide for a complete assignment of a business or operation to a contractor or subcontractor. The contract is sufficient for the purpose of Section 287.040.1 if any duties routinely performed by the employer are assigned to another contractor, or as in this case, an employment firm which supplies workers. *See Montgomery*, 304 S.W.2d at 889.

■ Nor must the contract exist in written form. This Court has interpreted the provisions of the Act broadly in an effort to fulfill the legislative intent that workers' injuries be compensable in a manner consistent with the law. *Blew v. Conner*, 328 S.W.2d 626, 630 (Mo. banc 1959). While Section 287.020 is not directly applicable, that section employs the word "contract" broadly to include contracts which are "express or implied, oral or written...." Section 287.020.1. Similarly, and in a manner

consistent with a broad interpretation of the Act, we conclude that the contract to which Section 287.040.1 refers necessarily includes those contracts which are express or implied, oral or written.

## 2.

■ Appellant additionally contends that the mere fact that he was sweeping the floor does not make him a statutory employee in that it does not fulfill the statute's requirement of performing work which was in the usual business of the alleged statutory employer. McGuire urges that there was no evidence that sweeping the floor was anything more than mere incidental or ancillary work consistent with the duties assigned to him by Ready Help.

Section 287.040.1 mandates coverage under the Act when work is done under contract "which is in the usual course of [the employers] business." In *Anderson v. Benson Mfg. Co.*, 338 S.W.2d 812 (Mo. 1960), a government contractor employed guards to protect work on classified material under government contract and also obtained guards from a corporation which was in the business of providing guard service. This Court held, "The conduct of a part of the usual business of an employer may not in itself justify his continuation in business but nevertheless may fit in and constitute an operation of the usual business conducted on the premises.... [T]he furnishing of guard services was not an isolated and specialty job at defendant's plants but was regularly and continuously performed as an integrated part of defendant's usual business." *Anderson*, 338 S.W. 2d at 815. Thus, an injured guard working as a direct employee of a contracting agency was found to be a statutory employee.

Moreover, this Court has not defined the "usual course of his business" to require that an employer's regular employees normally perform the work undertaken by the

**2.** *Ferguson* and *Crain* are distinguished from the case *sub judice* on their facts. Ferguson, a truck driver, was injured while unloading a seller's goods for the buyer in a manner consistent with the purchase contract. Crain was killed while repairing electrical lines. He worked for a

company which constructed lines and was repairing them only because the electric company requested help. The court found that it was not shown that decedent consented to work for the company and the conditions which occasioned his use were unusual.

statutory employee as a condition of coverage under the Act. In *Viselli v. Missouri Theatre Bldg. Corp.*, 361 Mo. 280, 234 S.W.2d 563 (1950), the corporate owner of an office building provided various services including window washing, for its tenants. It orally contracted with an independent company to clean the windows. This latter company hired and paid window washers and exercised complete control over their work. One of the window washers fell to his death. This Court found the window washer a statutory employee of the building owner, holding that window cleaning was an integral and essential part of defendant's business—and thus within the usual course of defendant's business—even if window washing was not performed by direct employees of the building owner. *Viselli*, 234 S.W.2d at 566.

Sweeping the warehouse floor constitutes work which is within the usual course of Tenneco's business; such work was regularly performed by Tenneco's employees. McGuire performed his work pursuant to a contract between Tenneco and Ready Help. McGuire received his injuries while sweeping the floor of Tenneco's premises. McGuire's activities met the requirements of Section 287.040.1; he was a statutory employee of Tenneco at the time of his injuries.

### III.

The judgment of the trial court is affirmed.

BLACKMAR, WELLIVER, RENDLEN and HIGGINS, JJ., and ROBERT E. CRIST, Special Judge, concur.

DONNELLY, J., dissents in separate opinion filed.

BILLINGS, C.J., not sitting.

DONNELLY, Judge, dissenting.

I respectfully dissent. *See Shafer v. Southwestern Bell Telephone Co.*, 295 S.W.2d 109 (Mo.1956).