Michael TUMBAS, Plaintiff–Appellant,

v.

J.L. MASON GROUP, INC.,
Defendant–Respondent.

No. 58811.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1991.

Lon D. Weaver, St. Louis, Jeanne L. Sathre, Woodriver, Ill., for plaintiff-appellant.

Paul E. Kovacs, Lynda Muenks Hetlage, Clayton, for defendant-respondent.

CRANDALL, Chief Judge.

Plaintiff, Michael Tumbas, appeals from the trial court's dismissal without prejudice of his personal injury action against defendant, J.L. Mason Group, Inc. (Mason), for lack of jurisdiction, upon a finding that plaintiff's remedy was limited to the provisions of the Workers' Compensation Act. We affirm.

Plaintiff brought a common law negligence action for bodily injuries against Mason in the Circuit Court of St. Louis County. In his petition, he alleged that he had sustained damages when he fell while painting new residential homes being constructed by Mason on property owned by Mason. Plaintiff's employer was an independent contractor who had contracted with Mason to paint the interiors and exteriors of the homes. Plaintiff alleged that Mason was negligent in failing to maintain its premises. Mason moved for summary judgment on the basis that plaintiff was a statutory employee under Section 287.040.-1, RSMo (1986) and that his exclusive remedy was under the Workers' Compensation Act. Chapter 287, RSMo (1986). The circuit court found that plaintiff was a statutory employee and dismissed his cause of action without prejudice for lack of subject matter jurisdiction.

We first address the procedural posture of this case on appeal. Both parties characterize the order of the trial court as a ruling on a motion for summary judgment. Regardless of whether the applicability of the Workers' Compensation Act is

raised as a defense to a common law cause of action in a motion to dismiss or in a motion for summary judgment, the trial court must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. *Parmer v. Bean*, 636 S.W.2d 691, 969 (Mo.App.1982); *see also* Rule 55.27(g)(3). We therefore consider the motion for summary judgment as a motion to dismiss for lack of jurisdiction. *See Id.* at 694–696.

■■■ On appeal, plaintiff contends that the trial court erred in dismissing his petition for lack of jurisdiction. The salient issue on appeal is whether plaintiff is deemed Mason's employee under the Workers' Compensation Act, with the result that his recovery is limited to that act. Section 287.040.1 defines a statutory employee as follows:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The statute establishes a constructive employment relationship in order to extend workers' compensation coverage to employers who have work done pursuant to a contract. Its purpose is to prevent an employer from evading workers' compensation liability by hiring independent contractors to perform the usual work his employees would otherwise perform. *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988) (quoting *Miller v. Municipal Theatre Assoc. of St. Louis*, 540 S.W.2d 899, 906 (Mo.App.1976)). To categorize an individual as a statutory employee, it is necessary that three elements exist: (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises of the statutory employer; and (3) the work was in the usual course of business of the statutory employer. *Wood v. Procter & Gamble Mfg. Co.*, 787 S.W.2d 816, 819 (Mo.App.1990). When attempting to determine the application of Section 287.-040.1, each case must be determined on its own facts and the court must recognize the real roles and relationships of the parties as they relate to the purpose of the statute. *Id.*

■■■ The first two elements required to establish that plaintiff was a statutory employee of Mason are not at issue in the present case. Clearly, Mason owned the premises on which plaintiff was injured and plaintiff's employer contracted with Mason to paint the residences constructed by Mason. The sole issue centers on the third requirement; namely, whether the painting done by plaintiff was in the usual course of Mason's business.

In *McGuire*, 756 S.W.2d at 533, an employee employed by a temporary employment agency was injured while sweeping the floor of a plant. The circuit court found that sweeping the floor constituted an activity routinely performed in the operation of the plant owner's business by its employees and was work which was within the usual course of its business. *Id.* at 535–536. The injured employee was therefore a statutory employee of the plant owner at the time of his injuries. *Id.* at 536.

In *Viselli v. Missouri Theatre Bldg. Corp.*, 361 Mo. 280, 234 S.W.2d 563 (1950), the owner of a building contracted with an independent company to clean windows. One of the window workers fell to his death. Although the window cleaning company hired and paid the window washers and exercised complete control over their work, the court found that the deceased window washer was a statutory employee of the building owner. *Id.*, 234 S.W.2d at 567. The court held that window washing was an integral and essential part of the building owner's business, even if window washing was not performed by the direct employees of the owner. *Id.* at 566–567. Window washing was therefore within the usual course of the owner's business. *Id.* at 567.

In a case similar on its facts to the one before us, *West v. Posten Constr. Co.*, 804 S.W.2d 743, 743–44 (Mo. banc 1991), an independent plumber/electrician, was in-

jured while doing work at a new house that a general contractor was building for his own personal use. The Missouri Supreme Court held that the plumber/electrician was the statutory employee of the general contractor who was contemporaneously the owner of the premises. *Id.* at 744.

In the instant action, painting the interiors and exteriors of newly constructed homes is work which is routinely done by Mason. Painting new homes is an integral and essential part of finishing a home so that it is ready either for sale or for occupancy. It is immaterial that painting is not a job normally performed by Mason's direct employees. Painting is an activity which is done in the usual course of Mason's business. Plaintiff was therefore a statutory employee of Mason when he was injured while painting one of Mason's homes. Plaintiff's exclusive remedy is limited to the Workers' Compensation Act. The trial court properly dismissed without prejudice plaintiff's action for lack of subject matter jurisdiction. Plaintiff's point is denied.

The order of the trial court is affirmed.

PUDLOWSKI and KAROHL, JJ., concur.