**EMPLOYERS INSURANCE OF WAUSAU, A Mutual Company, Plaintiff/Respondent,**

v.

**Joshua PATTON d/b/a Third World Plastering Company, Defendant/Appellant.**

**No. 61701.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 1992.

---

Eric E. Vickers, Vickers & Associates, St. Louis, for defendant/appellant.

Joseph L. Racine, Racine, Aylward, Jacobs & Brough, Clayton, for plaintiff/respondent.

REINHARD, Judge.

Defendant appeals the trial court's entry of summary judgment against him in plaintiff's action for reimbursement of compensation paid to defendant's alleged "statutory employee." We affirm.

David Gilliard (claimant) was injured on July 30, 1986, while working at a construction job site located at 5540 Delmar in St. Louis. He subsequently filed a worker's compensation claim against Pantheon Corporation (Pantheon), the general contractor on the job site. Plaintiff, Pantheon's worker's compensation insurance carrier, paid claimant the amount due on his claim.

Plaintiff then filed suit against defendant, Joshua Patton[1] d/b/a Third World Plastering Company, seeking recovery under § 287.040.4, RSMo 1986, and alleging that defendant was a "statutory employer" of claimant pursuant to § 287.040.1., RSMo 1986. Plaintiff's petition alleged, in part:

> Defendant was a subcontractor of Pantheon and was operating under the Workman's Compensation Laws of the State of Missouri and was the employer of [claimant], who while working on said premises, was injured on the 30th day of July, 1986, when he fell from a scaffolding to the floor causing him to be injured.

Defendant answered and made a general denial to plaintiff's allegations. Plaintiff subsequently filed a request for admission, asking defendant to admit "[t]hat on or about the 30th day of July, 1986, [claimant] was an employee of the Defendant and was injured during the course and scope of his employment while working for Defendant Joshua Patton d/b/a Third World Plastering Company." Defendant denied this allegation. However, defendant does admit in his brief that at the time of his injury, claimant was "working on the premises" covered by a subsequent written subcontract agreement between defendant and Pantheon.

Plaintiff moved for summary judgment and filed two affidavits and three other exhibits in support of its motion. Exhibit 1 is a photocopy of three Third World Plastering Company pay stubs, made out to claimant for the weeks ending July 22, July 27, and August 5, 1986. Exhibit 2 is a "Statement of Facts," apparently dated September 9, 1986 and signed by claimant. "Third World Plastering Co." is listed as claimant's employer on this document. In response to the question "[w]hen did you notify your employer?" claimant wrote "at once"; in response to the question "[w]here & to whom did you report?" claimant wrote "on job. William Patten [sic]." Exhibit 5 is a copy of Pantheon's

---

1. Defendant's full name is William Joshua Patton.

worker's compensation insurance policy with plaintiff.

Plaintiff also submitted affidavits from John Roach, president of Pantheon, and Gail Rosenberg, a claims supervisor working for plaintiff. Roach stated:

1. That I am the President of the Pantheon Corporation and have knowledge of the facts and circumstances surrounding an incident of July 30, 1986 wherein [claimant] was injured while an employee of Joshua Patton doing business as Third World Plastering Company.

2. That at the aforementioned time and place, [claimant] was injured while employed by Joshua Patton, a subcontractor of Pantheon Corporation.

Rosenberg stated, "[claimant] was injured while working and made a claim against his employer and the statutory employer, Pantheon Corporation, who was insured by Plaintiff."

In opposition to plaintiff's motion, defendant filed his counter-affidavit, signed "William Joshua Patton," in which he stated that a written contract between Third World Plastering and Pantheon was entered into on September 2, 1986. Defendant further stated that "[p]rior to September 2, 1986, neither I nor Third World Plastering had any agreement with Pantheon Corporation to provide Worker's Compensation Insurance." Defendant also filed a copy of this written subcontract agreement, dated July 17, 1986, but signed by him, "William J. Patton," as subcontractor, on September 2, 1986. This subcontract denoted "5540 Delmar" as a job site.

The court granted plaintiff's motion for summary judgment and entered a judgment against defendant in the amount of plaintiff's payments to claimant plus attorney's fees and costs. On appeal, defendant argues that a genuine issue of material fact exists precluding summary judgment.

■ Summary judgment is appropriate only if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Missouri Ins. Guar. Ass'n v. Wal–Mart*, 811 S.W.2d 28, 31 (Mo.App.

1991). When reviewing a ruling on a motion for summary judgment we scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact. *Id.* An order of summary judgment, however, will not be set aside on review if supportable on any theory. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243 (Mo. banc 1984).

Defendant contends that a genuine issue exists as to whether claimant was his "statutory employee." The supreme court, in *McGuire v. Tenneco*, 756 S.W.2d 532 (Mo. banc 1988), stated the applicable test:

In order to categorize an individual as a statutory employee, each of three statutory elements must coexist: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer.

*McGuire*, 756 S.W.2d at 534. Defendant argues that a material issue of fact remains regarding the first prong of the *McGuire* test; he denies that a contractor-subcontractor relationship existed between Pantheon and himself. Plaintiff asserts that an implied contract between the two parties bound them as contractor-subcontractor.

■ It is clear that the existence of an implied subcontract would satisfy the contractor-subcontractor requirement of § 287.040.1. "[A] contract is sufficient for the purpose of Section 287.040.1 if any duties routinely performed by the employer are assigned to another contractor, or as in this case, an employment firm which supplies workers." *McGuire*, 756 S.W.2d at 535. The term "contract," as contemplated by § 287.040.1, "necessarily includes those

contracts which are express or implied, oral or written." *Id.*

■ Plaintiff's evidence that an implied subcontract had been created by the parties includes: (1) Pantheon president Roach's assertion that "[claimant] was injured while employed by Joshua Patton, a subcontractor of Pantheon Corporation"; (2) plaintiff's claims supervisor's statement that "[claimant] was injured while working and made a claim against his employer and the statutory employer, Pantheon"; and (3) claimant's statement that he reported his injury "at once" to defendant, who was "on job" at 5540 Delmar. Plaintiff's argument is further buttressed by defendant's admission in his brief that claimant was working at a Pantheon job site at the time of his injury.

Rule 74.04(e) mandates:

When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Plaintiff's evidence is sufficient to support its motion. However, defendant's counter-affidavit and exhibit offered in opposition to summary judgment fail to set forth facts which tend to rebut plaintiff's evidence that Pantheon and defendant had established a contractor-subcontractor relationship. In his counter-affidavit, defendant merely asserted that the subcontract was not formally executed until September 2, 1986, and that prior to that date he had not agreed to provide worker's compensation insurance; defendant did not deny the existence of an implied subcontract between himself and Pantheon. Defendant's reliance upon the nonexistence of a formally executed subcontract is unfounded. An implied subcontract is clearly sufficient to satisfy the *McGuire* test. *McGuire*, 756 S.W.2d at 535. Except for defendant's general denial in his answer, all of the evidence before the trial court supported the presence of an implied subcontract between Pantheon and defendant at the time of claimant's injury. Defendant presented no genuine issue of material fact for resolution at trial. The trial court's entry of summary judgment was appropriate in this case.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.