David MARTINEZ, Claimant–
Appellant,

v.

NATIONWIDE PAPER, Employer–
Respondent,

and

International Paper Company,
Insurer–Respondent.

No. 27202.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 14, 2006.

Rehearing Denied Sept. 5, 2006.

Randy Charles Alberhasky, Springfield, MO, for appellant.

J. Sean Dumm, Bart E. Eisfelder, Kansas City, MO, for respondent.

JEFFREY W. BATES, Chief Judge and Presiding Judge.

This case, which is before us for a second time, arises out of an injury sustained by David Martinez (Martinez) in May 1999 at a Springfield, Missouri warehouse operated by Nationwide Paper (Nationwide). At that time, Nationwide was in the business of distributing paper products to customers within a 125–mile radius of the warehouse.[1] That facility served as a storage depot for Nationwide's stock of paper products, pending their sale and distribution to various regional customers.

On May 26, 1999, Martinez was unloading a truck containing paper products that one of Nationwide's suppliers was delivering to the warehouse. During the unloading process, Martinez sustained several fractures when his right foot was mashed between two floor jacks used to move pallets.

On November 12, 2001, Martinez filed a claim for worker's compensation benefits against Nationwide. Martinez contended he was entitled to worker's compensation benefits because he was Nationwide's statutory employee. *See* § 287.040.[2] The administrative law judge (ALJ) who heard the case reached the opposite conclusion and entered an award denying compensation. On application for review, the Labor and Industrial Relations Commission (Commission) issued a final award denying compensation.

Martinez appealed the denial of benefits. In *Martinez v. Nationwide Paper,* 168 S.W.3d 566 (Mo.App.2005) (*Martinez I*), we reversed the award and remanded the case for two reasons. First, it appeared that the ALJ concluded Nationwide could not be Martinez's statutory employer because there was no direct contractual relationship between the two. We held this conclusion to be a misapplication of law because no direct contractual relationship between the injured employee and a statutory employer is required. *Martinez I,* 168 S.W.3d at 570–71. Second, the findings of fact were insufficient to permit us to determine what the Commission found with respect to whether the elements of statutory employment were met. *Id.* at 571. Specifically, we were not able to determine "whether the ALJ found that [Nationwide] did or did not hire carriers to bring the product to its warehouse from suppliers." *Id.* at 570. There also were no findings of fact or conclusions of law "about whether the work being done by [Martinez] was or was not work that was in the usual course of [Nationwide's] business," which is one of the elements of statutory employment. *Id.*

On remand, the Commission entered another final award denying worker's compensation benefits to Martinez. The Commission made a factual finding that Nationwide did not hire the common carriers who delivered the suppliers' paper products to the warehouse or any of the persons involved in the unloading process:

---

1. At some point after Martinez was injured, Nationwide was purchased by XpedX, which is a wholly-owned subsidiary of International Paper Company.

2. All references to statutes are to RSMo (2000).

David Martinez, claimant, worked as a self-described self-employed lumper. A lumper is an individual who contracts with a truck driver to unload trucks. Nationwide operated a regional paper distribution center and distributes paper towels, paper tissue and printing paper to local customers.

Steve McPhetridge is the assistant warehouse manager, and was working in that capacity on the date that [Martinez] was injured. Mr. McPhetridge testified that Nationwide contacted its vendors when it needed a shipment of product. Some of the vendors included Reckitt–Benckiser and Kimberly–Clark. The vendors were responsible for delivering the product to Nationwide's distribution facility and for unloading the product when it arrived at the facility. The vendors usually contracted with a common carrier to deliver the product. US Express was one of the common carriers that vendors used to deliver product. The driver of the truck was responsible for unloading the product off the truck onto pallets at Nationwide's facility. The drivers would sometimes contract with lumpers to unload the product. The lumper and the driver would work out the terms of the job, including pay. The driver would usually get permission from the trucking company before "hiring" the lumper. The lumper would be paid by the trucking company usually with a Comcheck.... We therefore find that the testimony of Mr. McPhetridge is credible that Nationwide contracted with a vendor, which in turn contracted with a trucking company. Nationwide did not contract with a trucking company to have product delivered and had no involvement with any contract between the vendor and trucking company.

The Commission also made a factual finding that this was the process U.S. Express used to hire Martinez as a lumper.[3] The Commission concluded Martinez was not Nationwide's statutory employee because: (1) his job of unloading the truck was not work performed under a contract with Nationwide; and (2) he was not performing work in the *usual course of Nationwide's business.* This appeal followed.

■■■■ The applicable standard of review in this appeal is well-defined. We review the findings and award of the Commission, rather than those of the ALJ. *Birdsong v. Waste Management,* 147 S.W.3d 132, 137 (Mo.App.2004); *McDermott v. City of Northwoods Police Dept.,* 103 S.W.3d 134, 137 (Mo.App.2002). The scope of our review is limited:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1. "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). On appeal, "no additional evidence shall be heard and, in the absence of fraud, the findings

---

**3.** When Martinez arrived at the warehouse on May 26th, he "spoke with the driver from U.S. Express. The driver contacted U.S. Express, which agreed to [Martinez's] asking price to unload the truck.... [Martinez] was unloading the truck and placing the product on Nationwide's dock when he sustained his injury."

of fact made by the commission within its powers shall be conclusive and binding." § 287.495.1. Therefore, "we defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony." *Pavia v. Smitty's Supermarket*, 118 S.W.3d 228, 234 (Mo.App.2003); *Chatmon v. St. Charles County Ambulance Dist.*, 55 S.W.3d 451, 455–56 (Mo.App.2001). The Commission's interpretation or application of law, on the other hand, is reviewed for correctness without deference to the Commission's judgment. *Orr v. City of Springfield*, 118 S.W.3d 215, 217 (Mo.App.2003); *Maxon v. Leggett & Platt*, 9 S.W.3d 725, 729 (Mo. App.2000). We review questions of law independently. *Johnson v. Denton Construction Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995).

In Martinez's first point, he contends the Commission erred as a matter of law in concluding that Martinez's job of unloading the truck was not work performed under contract with Nationwide. Martinez argues that the first element of statutory employment pursuant to § 287.040.1 was met because: (1) no direct contractual relationship between Martinez and Nationwide is required; (2) this subsection only requires work to be performed pursuant to *a* contract; and (3) Nationwide did contract with the suppliers to perform work on Nationwide's premises by delivering paper products to its warehouse.

We begin by examining the relevant statutory language of § 287.040.1, which states:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The purpose of this provision "is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." *Miller v. Municipal Theatre Association of St. Louis*, 540 S.W.2d 899, 906 (Mo.App.1976). Therefore, the statutory employment doctrine only applies to "certain constructive employment relationships in which employers have work done by contract." *Vatterott v. Hammerts Iron Works, Inc.*, 968 S.W.2d 120, 121 (Mo. banc 1998). Martinez bore the burden of proving that he was Nationwide's statutory employee. *See Dillard v. Leon Dickens/Forklift of Cuba*, 869 S.W.2d 317, 319 (Mo.App.1994); *Rouge v. St. Charles Speedway*, 733 S.W.2d 854, 855 (Mo.App.1987). To do so, he had to prove each of the following elements:

> In order to categorize an individual as a statutory employee, each of three statutory elements must coexist: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer.

*McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988). The issue presented by this point relied on is whether the first of these three elements was met.

We reject, as overbroad, Martinez's assertion that work performed pursuant to *any* contract is sufficient to satisfy the first element of statutory employment. "Not every type of contract will suffice to

satisfy [this] element of the statute." *Ferguson v. Air–Hydraulics Co.*, 492 S.W.2d 130, 136 (Mo.App.1973). As the Supreme Court explained in *McGuire*, "[t]he contract is sufficient for the purpose of Section 287.040.1 if any duties routinely performed by the employer are assigned to another contractor. . . ." *Id.* at 535. Thus, the relevant inquiry here is twofold: (1) did Nationwide routinely unload paper products from trucks delivering those products to its dock; and (2) did Nationwide assign this duty to another contractor, who subsequently hired Martinez to perform it?

The only witness with first-hand knowledge of this subject was Nationwide's assistant warehouse manager, Steve McPhetridge. He had worked for Nationwide for 18 years. He testified that Nationwide purchased paper products from various vendors for resale to Nationwide's customers. The vendors hired common carriers like Schneider or J.B. Hunt to deliver the products. It was the duty of the common carrier and its driver to unload these products onto Nationwide's dock. If the driver did not want to do so and received authorization from the carrier, a lumper would be hired to unload the truck. These lumpers were selected and paid by the common carrier; Nationwide played no role whatsoever in that process. In all the time McPhetridge had worked for Nationwide, he had never seen anyone other than common carrier drivers, or the lumpers they hired, unload paper products onto Nationwide's dock.

■ The manner in which Martinez came to be injured at Nationwide's warehouse on May 26, 1999, followed this paradigm. The original contract between Nationwide and its supplier was an agreement to purchase paper products. Thus, the relationship between Nationwide and the vendor was that of buyer and seller. "[A] contract for the sale and purchase of a product even though it includes the delivery and unloading of the product upon the premises of the purchaser, does not render the seller's delivery man a statutory employee of the purchaser." *Shipley v. Gipson*, 773 S.W.2d 505, 507 (Mo.App. 1989); *see also DuBose v. Flightsafety International, Inc.*, 824 S.W.2d 486, 489 (Mo.App.1992); *Ferguson*, 492 S.W.2d at 136–37; *Wallace v. Porter DeWitt Constr. Co.*, 476 S.W.2d 129, 131–32 (Mo.App. 1971).[4] The vendor was obligated to deliver its paper products to Nationwide's dock. To that end, the vendor entered into a separate contract with U.S. Express, a common carrier, to transport and unload the vendor's products at Nationwide's warehouse. Nationwide was not involved in any way in this separate contract, which made it the duty of U.S. Express and its driver to deliver the vendor's paper products to Nationwide and to unload those products onto Nationwide's dock. *Cf. Augur v. Norfolk Southern Ry. Co.*, 154 S.W.3d 510, 516 (Mo.App.2005) (holding that the first element of statutory employment was met because Norfolk, the putative statutory employer, directly contracted with another party to load and unload vehicles shipped by rail to Norfolk's distribution facility). Since the driver did not want to unload the truck

---

**4.** In *McGuire*, the Supreme Court overruled *Ferguson* insofar as it held that delegation to another of the usual operation of the employer's business is necessary for the contract to come within the scope of § 287.040.1. *McGuire*, 756 S.W.2d at 535. *Ferguson* remains good law, however, with respect to the proposition that a person who is injured on the buyer's premises while unloading the seller's goods pursuant to the purchase agreement does not become the buyer's statutory employee. *See McGuire*, 756 S.W.2d at 535 n. 2 (distinguishing *Ferguson* for that reason).

himself, he was expressly authorized by U.S. Express to hire Martinez to work as a lumper. US Express agreed to pay Martinez directly for his unloading work. Nationwide was not involved at all in this process. Martinez was injured while carrying out U.S. Express' contractual duty to unload the truck.

In sum, Nationwide did not have a contractual duty to unload the paper products it purchased, and it had never voluntarily performed that duty during the 18 years McPhetridge worked there. Since Martinez was not injured while carrying out a duty routinely performed by Nationwide that had been assigned to another contractor, the Commission concluded Martinez failed to prove the first element necessary to establish that he was Nationwide's statutory employee. The Commission's conclusion was correct. *See McGuire,* 756 S.W.2d at 535; *Employers Ins. of Wausau v. Patton,* 842 S.W.2d 208, 210 (Mo.App. 1992); *Wood v. Procter & Gamble Mfg. Co.,* 787 S.W.2d 816, 820 (Mo.App.1990). Martinez's first point is denied.

In Martinez's second point, he contends the Commission erred in concluding that Martinez was not performing work in the usual course of Nationwide's business at the time of his injury. Martinez argues that the Commission's finding of fact was unsupported by the evidence and contrary to the overwhelming weight of the evidence for various reasons. We need not address this issue, however, because our ruling on the first point is dispositive. *See Tullman v. St. Louis Science Center Foundation,* 34 S.W.3d 860, 862 (Mo.App. 2001). As Martinez failed to prove the first element of the three-part test for statutory employment, he would not be Nationwide's statutory employee even if he met the other two elements. *See Miller v. American Royal Ass'n,* 140 S.W.3d 74, 77

(Mo.App.2004). Therefore, Martinez's second point is denied as moot.

The Commission's final award denying compensation is affirmed.

GARRISON and SHRUM, JJ., concur.