James **MACKIEWICZ**, Appellant,

v.

**ESSEX CRANE RENTAL CORP., Fred Weber, Inc., and Robert Stankey, Respondents.**

No. ED 86772.

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 2006.

Matthew J. Padberg, The Padberg & Corrigan Law Firm, St. Louis, MO, for Appellant Mackiewicz.

Heather J. Hays, Rynearson, Suess, Schnurbusch & Champion, L.L.C., St. Louis, MO, for Respondents Fred Weber & Robert Stankey.

Edward S. Meyer, St. Louis, MO, for Respondent Essex Crane Rental.

KENNETH M. ROMINES, J.

Appellant James Mackiewicz (Mackiewicz) appeals the judgment of the St. Louis County Circuit Court (Circuit Court), the Honorable Steven H. Goldman, which granted a motion to dismiss Mackiewicz's negligence suit against Fred Weber, Inc. (Weber) and Robert Stankey (Stankey). We affirm.

### Facts

■ Mackiewicz was injured on 21 February 2001,[1] when a crane he was operating experienced brake failure and overturned. This case considers whether workers' compensation law is a defense to Mackiewicz's negligence claim for injuries sustained on the job.

### The Parties

On 21 February 2001, Mackiewicz was employed by Walter Construction Company (Walter) as a crane operator. Walter was the general contractor for a project in St. Louis County. Walter leased the above crane from Essex Crane Rental Corporation (Essex). Walter also subcontracted with Weber to do the concrete work for the project. Weber employed Stankey as a mechanic to maintain equipment.

Two Weber employees stated, by affidavit, that Walter and Weber had an agreement whereby Weber used Walter's employees to perform work related to the concrete subcontract, and Walter used Weber's employees when needed.

### Mackiewicz's Negligence Claim

Mackiewicz filed a complaint in the Circuit Court, by which he alleged negligence in the malfunctioning of the brakes on the crane; Stankey attempted to repair the brakes; and the brakes later failed, causing the crane to tip over and injure Mackiewicz. Weber and Stankey filed a motion to dismiss for lack of subject matter jurisdiction, and asserted that workers' compensation law provided a defense to Mackiewicz's negligence claim. The Circuit Court granted the motion to dismiss.

### Standard of Review

■ Whether there is subject matter jurisdiction is a question of fact that is left to the sound discretion of the trial court; we review for abuse of discretion. *Quinn v. Clayton Const. Co., Inc.,* 111 S.W.3d 428, 431–32 (Mo.App.E.D.2003).

### Mackiewicz is a Statutory Employee Under Section 287.040.1[2]

■ An individual is a statutory employee under Section 287.040.1 if:

(1) the work was being performed pursuant to a contract;

(2) the injury occurred on or about the premises of the alleged statutory employer; and

---

1. Mackiewicz contends the relevant date for determining his status as a statutory employee, and Stankey's status as a co-employee, is 7 February 2001, the date of the negligent repair, rather than 21 February 2001, the date of his injury. We disagree. See Section 287.040.1 ("[a]ny person who has work done under contract ... shall be liable ... to such contractor ... and their employees, *when injured or killed on or about the premises of the employer while doing work ....*") (emphasis added).

2. All statutory references are to RSMo. (2000).

(3) when injured, the alleged statutory employee was performing work that was in the usual course of business of the alleged statutory employer.

Section 287.040.1; *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988). Mackiewicz argues that the first two of these elements are not present.

### *(1) "work was being performed pursuant to a contract"*

■ First, Mackiewicz claims Weber failed to show it had a contractual relationship with him or control over him. However, "control" is not included in the first element of Section 287.040.1; all this element requires is that "work was being performed pursuant to a contract." Section 287.040.1. This contract may be express or implied, oral or written. *McGuire*, 756 S.W.2d at 534. Mackiewicz testified, by deposition, that he was working for Weber on the day of the accident. He also testified: "[a]nd they would swap me back and forth between Walter and Weber ... and they'd backcharge each other for the crane." The affidavits of two Weber employees confirm that Walter and Weber had an employee sharing agreement. The Circuit Court did not abuse its discretion when it found that Mackiewicz was working for Weber pursuant to a contract.

### *(2) "on or about the premises"*

■ Second, Mackiewicz claims the injury did not occur "on or about" Weber's "premises," as required by the second element of Section 287.040.1, because Weber did not exercise exclusive control over the worksite—Mackiewicz was merely a business invitee. We disagree. "Premises" includes "locations that temporarily may be under the exclusive control of the statutory employer by virtue of the work being done." *State ex rel. J.E. Jones Const. Co.*

*v. Sanders,* 875 S.W.2d 154, 158 (Mo.App. E.D.1994); *Boatman v. Superior Outdoor Advertising Co.,* 482 S.W.2d 743, 745 (Mo. App.1972). "Exclusive control indicates such a control over the premises by the statutory employer that the general public does not have an equal right to use them along with the employer and the independent contractor." *Id.; Id.*

As the sole subcontractor for the concrete work, Weber had "exclusive control" over the area where this concrete work was being done, even if temporarily. Mackiewicz was injured while performing this concrete work. The second element of Section 287.040.1 is satisfied.

The Circuit Court did not err when it found that Mackiewicz is a statutory employee under Section. 287.040.1. Point denied.

### Stankey Was Mackiewicz's Co-employee

■ Mackiewicz next asserts there is a factual dispute regarding whether Stankey was his co-employee, or a borrowed servant of Essex. If Stankey is Mackiewicz's co-employee, then he could be shielded by workers' compensation immunity under Section 287.120. Stankey and Mackiewicz testified, by deposition, that Stankey was employed by Weber at the time of Mackiewicz's injury. The Circuit Court reviewed this evidence, and we cannot say it abused its discretion when it determined Stankey was Mackiewicz's co-employee. Point denied.

### Stankey Is Immune Under Section 287.120

■ Finally, Mackiewicz contends that he alleged Stankey's conduct constituted "something more" than failure to provide a safe work place, and therefore fell outside the scope of his duties as a Weber employee—removing his Section 287.120 immuni-

**70**

ty. Specifically, Mackiewicz alleged that Stankey created an "ultrahazardous condition" when he failed to properly repair the crane.

■ We are not persuaded by Mackiewicz's argument. It is true that an employee may sue a co-employee for affirmative negligent acts outside the scope of the employer's duty to provide a safe workplace. *Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993). In order to plead such a negligence claim, the plaintiff must allege "something extra"—an affirmative act outside the scope of this duty. *Felling v. Ritter,* 876 S.W.2d 2, 5 (Mo.App. W.D.1994); *Tauchert v. Boatmen's Nat. Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993).

Missouri courts have held co-employees liable for "purposeful, affirmatively dangerous conduct"—such as creating a hazardous condition outside the scope of the duty to provide a safe workplace that violates a personal duty of care. *Tauchert* at 574. Mackiewicz's petition did not allege more than negligence; his allegations do not amount to "purposeful" or "affirmatively dangerous" conduct. The Circuit Court did not err when it found that Stankey is shielded from liability. Point denied.

The judgment is affirmed.

GARY M. GAERTNER, SR., P.J., and GEORGE W. DRAPER III, J., concur.